JOHNSON, J.,
dissents with reasons.
hi, respectfully, dissent from the majority opinion for the following reasons.
*935 When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. London Towne Cond. Homeowner’s Ass’n v. London Towne Co., 06-401 (La.10/17/06); 939 So.2d 1227, 1231. A trial court is granted wide discretion in assessing the probative value of evidence and is free to accept or reject, in whole or in part, the testimony of any witness. In re Succession of Lawler, 42,940 (La.App. 2 Cir. 3/26/08); 980 So.2d 214, 218. In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. London Towne Co., 939 So.2d at 1231. The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently. Id. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
LSA-R.S. 23:1209 provides,
A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
[[Image here]]
(3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. [Emphasis added.]
Where the employee suffered from a pre-existing medical condition, he may still prevail if he proves that the accident “aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed.” Peveto v. WHC Contractors, 630 So.2d 689, 691 (La.1994).
In the case at bar, the trial court found Mr. Gregoire’s 1008 claim had prescribed. After review of the record, I cannot find the trial court was manifestly erroneous in its ruling.
During the hearing on the peremptory exception of prescription, it was admitted that the allegation on Mr. Gregoire’s 1008 form that the aggravation he suffered was a result of Hurricane Ike was a clerical error and should have listed Hurricane Gustav. However, the attorney noted that the date of September 1, 2008 on the form was the correct date of the aggravation of the injury. Also during the hearing, Mr. Gregoire’s attorney asserted there was no dispute that the underlying psychological trauma that he sustained arose after Hurricane Katrina, and the events of Hurricane Gustav were the triggers that aggravated the psychological trauma of Hurricane Katrina. Mr. Gre-goire testified to the same allegations in his Isdeposition. Additionally, Dr. William Brasted, a clinical psychologist, testified in his deposition that Mr. Gregoire’s post-traumatic stress disorder related back to Hurricane Katrina, and the trauma from that event was “buried” by Mr. Gregoire. Everyone involved in this matter agrees *936 that Hurricane Katrina was the “accident,” and Hurricane Gustav was the “aggravation” of Hurricane Katrina.
Hurricane Katrina occurred on August 29, 2005, which is the alleged date of the accident when Mr. Gregoire experienced his psychological trauma. According to LSA-R.S. 23:1209(A)(3), Mr. Gregoire had to file his claim within one year from the time the injury developed; however, his claim for payment would be forever barred if the proceeding had not begun within two years from the date of the accident. Mr. Gregoire’s injury developed on September 1, 2008, and he filed his 1008 claim on July 20, 2009, which was more than three years after the accident occurred. Despite the fact the effects of his psychological trauma were not exacerbated until the events of Hurricane Gustav, I opine that Mr. Gre-goire was barred from filing a workers’ compensation claim for payment because the workers’ compensation proceeding did not begin within two years of the date of his accident.
Therefore, because the appellate court cannot reweigh or substitute its own factual findings, I would find that the trial court did not err in finding Mr. Gregoire’s 1008 claim was prescribed. Accordingly, I would affirm the trial court’s judgment.